Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300 / Fax: 415.373.9435

*Interim Lead Counsel*

**[Additional Counsel listed on signature page]**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. APP STORE SIMULATED CASINO-STYLE GAMES LITIGATION | Case No. 5:21-md-02985-EJD <br><br> Judge:  Hon. Edward J. Davila <br><br> **PLAINTIFFS' CONSOLIDATED RESPONSE TO REQUESTS FOR JUDICIAL NOTICE** <br><br> Date: August 4, 2022 <br> Time: 9:00 a.m. <br> Judge: Hon. Edward J. Davila <br> Room: Courtroom 4 – 5th Floor |
| IN RE: GOOGLE PLAY STORE SIMULATED CASINO-STYLE GAMES LITIGATION | Case No. 5:21-md-03001-EJD <br><br> Judge:  Hon. Edward J. Davila <br><br> **PLAINTIFFS' CONSOLIDATED RESPONSE TO REQUESTS FOR JUDICIAL NOTICE** <br><br> Date: August 4, 2022 <br> Time: 9:00 a.m. <br> Judge: Hon. Edward J. Davila <br> Room: Courtroom 4 – 5th Floor |

PLS.' CONSOL. RESPONSE TO REQS. FOR JUDICIAL NOTICE
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

**EDELSON PC**
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

| | |
|---|---|
| IN RE: FACEBOOK SIMULATED CASINO-STYLE GAMES LITIGATION | Case No. 5:21-cv-02777-EJD<br><br>Judge:  Hon. Edward J. Davila<br><br>**PLAINTIFFS' CONSOLIDATED RESPONSE TO REQUESTS FOR JUDICIAL NOTICE**<br><br>Date: August 4, 2022<br>Time: 9:00 a.m.<br>Judge: Hon. Edward J. Davila<br>Room: Courtroom 4 – 5th Floor |

Pls.' Consol. Response to Reqs. for Judicial Notice
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

**Edelson PC**
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

In support of their Motions to Dismiss, Defendants in the above-captioned actions (the "Platforms") each ask the Court to consider various publicly accessible documents concerning the Platforms' publication of apps created by third-party developers. *See* Apple's Request for Judicial Notice, Dkt. 93, *In re: Apple Inc. App Store Simulated Casino-Style Games Litig.*, No. 5:21-md-02985 (N.D. Cal. Apr. 8, 2022) ("*Apple* RJN") (asking the Court to either incorporate by reference or take judicial notice of five publicly accessible documents); Facebook's Motion to Dismiss at 3 n.2, Dkt. 99, *In re: Facebook Simulated Casino-Style Games Litig.*, No. 5:21-cv-2777 (N.D. Cal. Apr. 8, 2022) ("*Facebook* Motion") (arguing the Court may consider three webpages as incorporated by reference in the Complaint); Google's Motion to Dismiss at 5, Dkt. 69, *In re: Google Play Store Simulated Casino-Style Games Litig.*, No. 5:21-md-03001 (N.D. Cal. Apr. 8, 2022) ("*Google* Motion") (asking the Court to take judicial notice of two webpages). Plaintiffs submit this consolidated response to the Platforms' Requests for Judicial Notice and their requests that documents should be incorporated by reference.

**A. Plaintiffs' Response to Apple's and Google's Requests for Judicial Notice**

Both Apple and Google ask the Court to take judicial notice of certain documents, pursuant to Fed. R. Evid. 201(b)(2). *See Apple* RJN at 5-6; *Google* Motion at 5. Plaintiffs have no objection to the Court's taking judicial notice of the existence of the documents identified by the Platforms. Nor do Plaintiffs dispute that these documents are publicly accessible (including to app developers) or that they contain the language the Platforms point to. Though these materials are unnecessary for determining whether Plaintiffs' claims seek to treat the Platforms as publishers or speakers (the relevant CDA analysis in the Platforms' Motions to Dismiss), the existence of these documents and the authenticity of the Platforms' exhibits are not subject to dispute. Fed. R. Evid. 201(b)(2).

However, the documents should not be considered for the truth of the matters asserted; they should not, for example, be considered as evidence that the Platforms complied with any provisions of the documents, as evidence that these documents reflect the full scope of the

PLS.' CONSOL. RESPONSE TO REQS. FOR JUDICIAL NOTICE
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

1

**EDELSON PC**
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

relationship between the Platforms and app developers, or as evidence of any other disputed issue of fact. These issues cannot be readily determined from the face of the documents and are subject to reasonable dispute, so they cannot be judicially noticed under Fed. R. Evid. 201(b).

**B. Plaintiffs' Response to Apple's and Facebook's "Incorporation by Reference" Arguments**

Apple and Facebook also argue that the "incorporation by reference" doctrine permits the Court to consider these documents in deciding the Platforms' Motions to Dismiss. *See Apple* RJN at 3-5; *Facebook* Motion at 3 n.2. But the "incorporation by reference" doctrine does not apply here since Plaintiffs' Master Complaints do not "refer[] extensively to the document[s]," nor do "the document[s] form[] the basis of the plaintiff[s'] claim[s]." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citing 5 Wright & Miller, Fed. Prac. & Proc. § 1327 (2nd ed.) for proposition that "the mere mention of the existence of a document is insufficient to incorporate the contents of a document by reference"). The Master Complaints cite some of these documents as support for their allegations or as examples of the Platforms' involvement in the alleged Social Casino Enterprise, but their claims are based primarily on Plaintiffs' own experiences using the social casino apps through the Platforms, not on what the documents say the Platforms' role is. Moreover, Plaintiffs' claims are not based on these documents: this is not a case that turns on whether the Platforms complied with their stated policies or agreements with app developers. The Court should therefore decline to incorporate any of these documents by reference.

**C. Conclusion**

The Court should grant in part and deny in part Apple's and Google's Requests for Judicial Notice, and the Court should decline to incorporate by reference any of the Platforms' exhibits into the Master Complaints.

PLS.' CONSOL. RESPONSE TO REQS. FOR JUDICIAL NOTICE
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD; 21-cv-02777-EJD

2

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

| | |
|---|---|
| | Respectfully submitted, |
| Dated: April 29, 2022 | **EDELSON PC** |
| | By: /s/ Todd Logan |
| | Rafey S. Balabanian (SBN 315962)<br>rbalabanian@edelson.com<br>Todd Logan (SBN 305912)<br>tlogan@edelson.com<br>Brandt Silver-Korn (SBN 323530)<br>bsilverkorn@edelson.com<br>150 California Street, 18th Floor<br>San Francisco, CA 94111<br>Tel: 415.212.9300<br>Fax: 415.373.9435 |
| | *Plaintiffs' Interim Lead Counsel*<br>*Plaintiffs' Law and Briefing Counsel* |

PLS.' CONSOL. RESPONSE TO REQS. FOR JUDICIAL NOTICE
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

3

**EDELSON PC**
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435