1  COOLEY LLP
   TERESA MICHAUD (296329)
2  (tmichaud@cooley.com)
   SARA VICTORIA M. PITT (317611)
3  (sporter@cooley.com)
   355 South Grand Avenue, Suite 900
4  Los Angeles, California 90071
   Telephone:    +1 213 561 3250
5  Facsimile:    +1 213 561 3244

6  WHITTY SOMVICHIAN (194463)
   (wsomvichian@cooley.com)
7  AUDREY J. MOTT-SMITH (300550)
   (amottsmith@cooley.com)
8  KELTON N. MURPHY (340366)
   (kbasirico@cooley.com)
9  3 Embarcadero Center, 20th Floor
   San Francisco, California 94111-4004
10 Telephone:    +1 415 693 2000
   Facsimile:    +1 415 693 2222
11
12 Attorneys for Defendant
   GOOGLE LLC

JOHN SAMUEL GIBSON (SBN 140647)
john.gibson@us.dlapiper.com
COLIN MCGRATH (SBN 351947)
colin.mcgrath@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, CA 90067-4704
Tel: 310.595.3039
Fax: 310.595.3339

RAJ N. SHAH (*pro hac vice*)
raj.shah@dlapiper.com
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Tel: 312.368.4000
Fax: 312.236.7516

Attorneys for Defendant
APPLE INC.

13

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE PLAY STORE SIMULATED CASINO-STYLE GAMES LITIGATION | Case Nos. 5:21-md-03001-EJD<br>5:21-md-02985-EJD<br><br>**STATE LAW APPENDIX IN SUPPORT OF GOOGLE LLC'S AND APPLE INC.'S MOTIONS TO DISMISS** |
| IN RE: APPLE INC. APP STORE SIMULATED CASINO-STYLE GAMES LITIGATION | Date:      March 7, 2025<br>Time:      9:00 a.m.<br>Dept:      4<br>Judge:     Hon. Edward J. Davila |

## APPENDIX A:  LOSS RECOVERY STATUTES

| Row | State | Statute Name | Citation | Text | Case Law |
|-----|-------|--------------|----------|------|----------|
| 1 | AL | | Ala. Code § 8-1-150, et seq. | §  8-1-150(a):<br>All contracts founded in whole or in part on a gambling consideration are void.  Any person who has paid any money or delivered any thing of value lost upon any game or wager may recover such money, thing, or its value by an action commenced within six months from the time of such payment or delivery. | |
| 2 | CT | | Conn. Gen. Stat. Ann. §  52-554 | Any person **who, by playing at any game** or betting on the sides or hands of such as play at any game, excluding any game permitted under chapter 226 or any activity not prohibited under the provisions of sections 53-278a to 53-278g, inclusive, **loses the sum or value of one dollar** in the whole and pays or delivers the same or any part thereof, may, within three months next following, **recover from the winner the money or the value of the goods so lost** and paid or delivered, with costs of suit in a civil action, without setting forth the special matter in his complaint. | |
| 3 | GA | | Ga. Code Ann. § 13-8-3 | §  13-8-3(a):  Gambling contracts are void; and all evidences of debt, except negotiable instruments in the hands of holders in due course or encumbrances or liens on property, executed upon a gambling consideration, are void in the hands of any person.<br><br>§  13-8-3(b):  Money . . . may be **recovered from the winner by the loser** . . . . | |

| Row | State | Statute Name | Citation | Text | Case Law |
|---|---|---|---|---|---|
| 4 | IL | Loss Recovery Act (ILRA) | 720 Ill. Comp. Stat. Ann. 5/28-8 | <ins>5/28-8(a):</ins> Any person **who by gambling shall *lose*** to any other person, any sum of money or thing of value, amounting to the sum of $50 or more . . . **may sue for and recover the money** or other thing of value, so lost and paid or delivered, **in a civil action against the *winner* thereof**, with costs, in the circuit court. | <ins>Langone v. Kaiser</ins>, 2013 WL 5567587, at *7 (N.D. Ill. Oct. 9, 2013):  "FanDuel acts as the conduit for transmission of the prize to the winner, but FanDuel does not risk any of its money in producing the prize money . . . . Rather, FanDuel functions as 'the house,' charging an entry fee to participate in the fantasy sports games it hosts. . . . Therefore, because FanDuel itself (and Kaiser in so far as Langone alleges that Kaiser is an operator of a fantasy sports website) does not participate in the risk associated with its fantasy sports games, it is not a 'winner' for the purposes of the Loss Recovery Act." <br><br> <ins>Manning v. Creative Headquarters, LLC</ins>, 2012 U.S. Dist. LEXIS 191219, at *5–6 (N.D. Ill. Mar. 30, 2012):  "Because all participants' entry and bidding fees are certain to be lost to Vesuvius and the other defendants, such fees never hang in the balance because at no point do the penny auction participants pay anything to defendants that is in any way dependent on the outcome of any auction.  Defendants do not compete for the merchandise being auctioned. Absolutely nothing is undetermined or contingent about the participants' payment of fees to defendants, and thus, the participants do not 'risk' losing their entry or bidding fees.  Based on the facts as alleged, under Georgia, Illinois, Kentucky, Massachusetts, New Jersey, Ohio and South Carolina's qui tam statutes, Vesuvius is not a winner and neither are any of the other defendants." <br><br> (Cont. on next page.) |

| Row | State | Statute Name | Citation | Text | Case Law |
|---|---|---|---|---|---|
| 4 (Cont.) | IL (Cont.) | Loss Recovery Act (ILRA) (Cont.) | 720 Ill. Comp. Stat. Ann. 5/28-8 (Cont.) | 5/28-8(a): Any person who by gambling **shall *lose* to any other person**, any sum of money or thing of value, amounting to the sum of $50 or more . . . may sue for and recover the money or other thing of value, so lost and paid or delivered, in a **civil action against the *winner* thereof**, with costs, in the circuit court.  (Cont.) | Reuter v. MasterCard Int'l, Inc., 397 Ill. App. 3d 915, 920–23 (2010):  Credit card companies were not "winners" where they "charge the finance companies a percentage of the funds forwarded to them on behalf of the cardholders purchasing chips.  This occurs before any gambling takes place and is not affected by the outcome of the gambling."<br><br>Phillips v. Double Down Interactive LLC, 173 F. Supp. 3d 731, 740 (N.D. Ill. 2016):  "Double Down never directly participated in the games, nor did it have a direct stake in the outcome of any games.  Because Double Down keeps the money a player pays to buy additional chips no matter whether that player wins or loses in the games, that money is never put at risk. . . .  Because no amount of earned money ever hangs in the balance or depends on the outcome of a game, Double Down is not a 'winner' under the Illinois Loss Recovery Act." |
| 5 | IN | | Ind. Code Ann. § 34-16-1-2 | If a person, by betting on a game or on the hands or sides of persons playing a game: (1) *loses* any money or other property; and (2) delivers any part of the money or other property; the person may bring a civil action, within one hundred eighty (180) days, ***to recover the money or other property so lost*** and delivered. | |

| Row | State | Statute Name | Citation | Text | Case Law |
|---|---|---|---|---|---|
| 6 | KY | | Ky. Rev. Stat. Ann. § 372.020 | If any person loses to another at one (1) time, or within twenty-four (24) hours, five dollars ($5) or more, or anything of that value, and pays, transfers or delivers it, **the loser or any of his creditors may recover it, or its value, from the winner**, or any transferee of the winner, having notice of the consideration, by action brought within five (5) years after the payment, transfer or delivery.  Recovery may be had against the winner, although the payment, transfer or delivery was made to the endorsee, assignee, or transferee of the winner. | <u>Gillespie v. Schomaker</u>, 191 F. Supp. 8, 10 (E.D. Ky. 1961):  "It must be conceded from the allegations of the complaint that the Sidells were not winners of the money.  Paragraph (7) seeks to make them responsible parties because they 'are the owners of the premises . . . on which said gambling operations took place. . . .'  KRS 446.080 provides that all statutes of this state shall be liberally construed, even though they are in derogation of the common law.  To say, however, that the complaint states a cause of action against the defendants, Robert L. Sidell and Madeline C. Sidell, is not a liberal construction but a distortion of the plain meaning of the statute."<br><br><u>Tyler v. Goodman</u>, 240 S.W.2d 582, 584 (Ky. Ct. App. 1951):  "Under the terms of the statute, in order for appellant to recover against Goodman it was incumbent upon him to show that Goodman was the 'winner' of the money lost by him, or was the 'transferee of the winner.' . . .  The evidence is persuasive that Goodman had some sort of financial interest in the handbook, but in the absence of proof that he received, either directly or indirectly, some part of the money lost by appellant, the court was not authorized to enter a judgment against him." |

| Row | State | Statute Name | Citation | Text | Case Law |
|---|---|---|---|---|---|
| 7 | MN | | Minn. Stat. § 541.20<br><br>Formerly (10217) RL s 4967 | Every person who, by playing at cards, dice, or other game, or by betting on the hands or sides of such as are gambling, shall **lose** to any person so playing or betting any sum of money or any goods, and pays or delivers the same, or any part thereof, ***to the winner*, may sue for and recover** such money by a civil action[.] | <u>Nagle v. Randall</u>, 115 Minn. 235, 237–38 (1911): "[I]t was not shown that [defendants] had any financial interest in the returns from the gambling carried on, and quite clear that they did not take part in the play or win any of the money plaintiff lost. The only interest . . . was the 'rake-off' taken from each 'pot' before the winner was determined. . . . The right to such recovery is given by section 4967, and . . . [i]t is very clear, we think, that this statute does not authorize a recovery of money lost at gambling from the keeper of the place [or] of the building, unless such person was playing or betting, and so won the money, or unless he had some arrangement by which he shared the winnings." |
| 8 | MS | | Miss. Code. Ann. § 87-1-5 | If any person, by playing at any game whatever, . . . or by any wager whatever, shall lose any money, property, or other valuable thing, real or personal, and shall pay or deliver the same or any part thereof, **the person so *losing*** and paying or delivering the same . . . .may sue for and recover such money, property, or other valuable thing so lost and paid or delivered, or any part thereof, **from the person knowingly receiving the same**, with costs. | |

| Row | State | Statute Name | Citation | Text | Case Law |
|---|---|---|---|---|---|
| 9 | MO | | Mo. Rev. Stat. § 434.030 | Any person who shall lose any money or property at any game, gambling device or by any bet or wager whatever, may recover the same by a civil action. | |
| 10 | MT | | Mont. Code. Ann. § 23-5-131 | A person . . . who, by playing or betting at an illegal gambling device or illegal gambling enterprise, loses money, property, or any other thing of value and pays and delivers it to another person connected with the operation or conduct of the illegal gambling device or illegal gambling enterprise, within 1 year following the person's loss, may: (1) bring a civil action in a court of competent jurisdiction to recover the loss[.] | |
| 11 | NJ | | N.J. Stat. § 2A:40-1, et seq. | § 2A:40-1:  All wagers, bets or stakes made to depend upon any race or game, or upon any gaming by lot or chance, or upon any lot, chance, casualty or unknown or contingent event, shall be unlawful.<br><br>§ 2A:40-5:  If any person shall **lose** any money, goods, chattels or other valuable thing, in violation of section 2A:40-1 of this title, and shall pay or deliver the same or any part thereof to the winner, or to any person to his use, or to a stakeholder, such person may sue for and **recover such money . . . from such** *winner*[.] | Humphrey v. Viacom, Inc., 2007 WL 1797648, at *9–10 (D.N.J. June 20, 2007): "At no time do Defendants participate in any bet. Absent such participation, Defendants cannot be 'winners' as a matter of law. . . .  [As] Defendants do not 'play' in the fantasy leagues, bet on the side of any of the participants or have any financial interest whatsoever in the outcome of any league, Defendants cannot be 'winners' subject to liability under the gambling *qui tam* [loss recovery] statutes [of D.C., Kentucky, Massachusetts, New Jersey, and South Carolina] as a matter of law." |

| Row | State | Statute Name | Citation | Text | Case Law |
|---|---|---|---|---|---|
| 12 | NM | | N.M. Stat. Ann. § 44-5-1, et seq. | N.M. Stat. Ann. § 44-5-1: Any person who **shall lose any money or property** at any game at cards, or at any gambling device, **may recover the same** by action of debt, if money; if property, by action of trover, replevin or detinue.<br><br>N.M. Stat. Ann. § 44-5-3: The spouse, children, heirs, executors, administrators and creditors of the person losing may have the same remedy against the **winner as provided in Sections 44-5-1** and 44-5-2 NMSA 1978. | |
| 13 | NY | | N.Y. Gen. Oblig. § 5-419 | Any person who shall pay, deliver or deposit any money, property or thing in action, upon the event of any wager or bet prohibited, **may sue for and recover the same of the *winner*** or person to whom the same shall be paid or delivered, and of the stakeholder or other person in whose hands shall be deposited any such wager, bet or stake, or any part thereof, whether the same shall have been paid over by such stakeholder or not, and whether any such wager be lost or not. | Brilliant v. Raidy, 70 N.Y.S.2d 126, 128 (N.Y. Civ. Mun. Ct. 1947): "A stakeholder is one who holds a wager pending the outcome of an event, and then pays the same to the winner. Here the plaintiff testified that he gave the money to the defendant Raidy the night before, pending his instructions the following day, to transmit same to the 'book-maker.' Obviously, even in this, the book-maker had the money before the race was run and the defendant did not hold same to abide any event." |

| Row | State | Statute Name | Citation | Text | Case Law |
|---|---|---|---|---|---|
| 14 | OH | | Ohio Rev. Code Ann. § 3763.02 | If a person, by playing a game, or by a wager, **loses to another**, money or other thing of value, and pays or delivers it or a part thereof, to the winner thereof, such person losing and paying or delivering, within six months after such loss and payment or delivery, **may sue for and recover such money or thing of value or part thereof, from the _winner_ thereof**, with costs of suit. | |
| 15 | OR | | Or. Rev. Stat. § 30.740<br><br>Formerly O.C.L.A. § 64-102 | All persons losing money or anything of value at or on any unlawful game described in ORS 167.117, 167.122 and 167.127 shall have a cause of action to recover from the dealer winning the same, or proprietor **for whose benefit such game was played** or dealt, or such money or thing of value won, twice the amount of the money or double the value of the thing so lost. | <u>Lairmore v. Drake</u>, 185 Or. 239, 246–48 (1949): "The statute, in our opinion, means that an action lies against a proprietor for whose benefit a game is played or dealt, _or_ against a proprietor for whose benefit any money or thing of value is won in the game. . . .  When a proprietor through a dealer, takes a percentage directly out of the pot consisting of chips representing money that has been bet on the same, such proprietor is benefited by that 'take' and the benefit is directly measured by the amount and extent of the gambling. . . .  The essential characteristic of conduct that gives rise to a cause of action under Section 64-102, O. C. L. A., supra, is the direct receipt of funds illegally employed in gambling." |

| Row | State | Statute Name | Citation | Text | Case Law |
|-----|-------|--------------|----------|------|----------|
| 16 | SC | | S.C. Code Ann. § 32-1-10 | Any person who shall at any time or sitting, by playing at cards, dice table or any other game whatsoever or by betting on the sides or hands of such as do play at any of the games aforesaid, *lose* **to any person** or persons so playing or betting, in the whole, the sum or value of fifty dollars . . . shall be at liberty . . . to sue for and recover the money or goods so lost and paid or delivered or any part thereof **from the respective** *winner or winners* **thereof**[.] | [See Row A.11:  <u>Humphrey v. Viacom, Inc.</u>, 2007 WL 1797648, at *9–10 (D.N.J. June 20, 2007): "At no time do Defendants participate in any bet. Absent such participation, Defendants cannot be 'winners' as a matter of law. . . .  [As] Defendants do not 'play' in the fantasy leagues, bet on the side of any of the participants or have any financial interest whatsoever in the outcome of any league, Defendants cannot be 'winners' subject to liability under the gambling *qui tam* [loss recovery] statutes [of D.C., Kentucky, Massachusetts, New Jersey, and South Carolina] as a matter of law."] |
| 17 | TN | | Tenn. Code Ann. § 29-19-104 | Any person who has paid any money, or delivered anything of value, *lost upon any game or wager*, may recover **such money, thing, or its value**, by action commenced within ninety (90) days from the time of such payment or delivery. | |
| 18 | VA | | Va. Code Ann. § 11-15 | Any person who shall, by playing at any game or betting on the sides or hands of such as play at any game, *lose* within twenty-four hours, the sum or value of five dollars, or more, and pay or deliver the same, or any part thereof, may, within three months next following, **recover from the** *winner*, the money or the value of the goods so lost and paid or delivered, with costs of suit in civil action, either by suit or warrant, according to the amount or value thereof. | |

| Row | State | Statute Name | Citation | Text | Case Law |
|---|---|---|---|---|---|
| 19 | WA | Recovery of Money Lost at Gambling Act (RMLGA) | Wash. Rev. Code Ann. § 4.24.070 | All persons losing money or anything of value at or on any illegal gambling games shall have a cause of action to recover from the dealer or player winning, or from the proprietor **for whose benefit such game was played** or dealt, or such money or things of value won, the amount of the money or the value of the thing so lost. | G.G. v. Valve Corp., 2020 WL 7385710, at *2 (W.D. Wash. Dec. 16, 2020): "Plaintiffs alleged on behalf of themselves, their minor children, and all others similarly situated that Valve supported illegal gambling through its virtual Steam Marketplace platform . . . Arbitrator Laffey found that E.B. did not prove his claim for recovery of gambling losses because he could not establish that Valve [which operated the platform] was the 'proprietor' for whose benefit the game was played, as required by RCW 4.24.070." |
| 20 | WV | | W. Va. Code Ann. § 55-9-2 | If any person shall **lose** to another within twenty-four hours $10 or more, or property of that value, and shall pay or deliver the same, or any part thereof, **such loser may recover back from the winner the money or property**, or in lieu of the property the value thereof, so lost, by suit in court, or before a justice, according to the amount or value, brought within three months after such payment or delivery. . . . But nothing in this section shall be so construed as to permit a recovery of such property, or its value, from any person (or those claiming under him) other than the winner, when such person has paid value for such property without notice of illegal consideration under which the winner derived his claim of title. | |

28  27  26  25  24  23  22  21  20  19  18  17  16  15  14  13  12  11  10  9  8  7  6  5  4  3  2  1

**APPENDIX B:  CONSUMER PROTECTION STATUTES**

| Row | State | Statute Name | Citation | Text | Case Law |
|---|---|---|---|---|---|
| 1 | AL | Deceptive Trade Practices Act (ADTPA) | Ala. Code § 8-19-1, et seq. | § 8-19-5: The following deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful: . . . (27) Engaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce.  § 8-19-10: Any person who commits one or more of the acts or practices declared unlawful under this chapter and thereby causes monetary damage to a consumer . . . . shall be liable to each consumer or other person . . . . | In re Atlas Roofing Corp. Chalet Single Prods. Liability Litig., 2018 WL 2929831, at *7 (N.D. Ga. June 8, 2018):  "In order for a plaintiff to recover under the ADTPA, he or she must prove … monetary damages as a result of the Defendant's violation."  Morris v. Walmart Inc., 2022 WL 1590474, at *4 (N.D. Ala. Mar. 23, 2022): "Morris contends she did not get the benefit of her bargain . . . . [S]he suffered an economic loss because she received a different product than the one she thought she was buying.  This reasoning applies equally to Walmart's argument that Morris does not have standing under ADTPA because she did not suffer 'monetary damage.'" |
| 2 | CA | Unfair Competition Law (UCL) | Cal. Bus. & Prof. Code § 17200, et seq. | § 17200: [U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [Section 17500, et seq.].  (Cont. on next page.) |  |

| Row | State | Statute Name | Citation | Text | Case Law |
|---|---|---|---|---|---|
| 2 (Cont.) | CA (Cont.) | Unfair Competition Law (UCL) (Cont.) | Cal. Bus. & Prof. Code § 17200, et seq. (Cont.) | § 17203:<br>Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. | |
| 3 | CA | | Cal. Pen. Code §319, §330b, §330.1 | §319:  A lottery is any scheme for the disposal or distribution of property by chance . . . .<br><br>§330b(a):  It is unlawful for any person to manufacture, . . . own, store, possess. . . or offer to . . . permit the operation, placement, maintenance, or keeping of, in any place, room space, or building . . . controlled by that person, any slot machine or device.<br><br>§330b(d):  "[S]lot machine or device" means a . . . device that [may be used] in a way that, . . . as a result of the insertion of any money . . . or by any other means, the machine or device . . . may be operated, and by reason of any . . . outcome of operation unpredictable by him or her, the user may receive or become entitled to receive any . . . thing of value, or additional chance or right to use the slot machine or device . . . .<br><br>§330.1(a):  Every person who manufactures, owns, stores, keeps, possesses . . . or who permits the operation of . . . in any [] space . . . under his or her . . . control, any slot machine or device . . . is guilty of a misdemeanor. | |

| Row | State | Statute Name | Citation | Text | Case Law |
|---|---|---|---|---|---|
| 4 | CT | Connecticut Unlawful Trade Practices Act (CUTPA) | Conn. Gen. Stat. Ann. § 42-110a, et seq. | §42-110b(a):  No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.<br><br>§42-110g(a):  Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages[.] | Linsley v. FMS Inv. Corp., 2012 WL 1309840, at *6 (D. Conn. Apr. 17, 2012):  "[T]o prevail on a CUTPA claim, the plaintiffs must prove that (1) the defendant engaged in unfair or deceptive acts or practices in the conduct of any trade or commerce . . . and (2) each class member claiming entitlement to relief under CUTPA has suffered an ascertainable loss of money or property as a result of the defendant's acts or practices."<br><br>Nwachukwu v. Liberty Bank, 257 F. Supp. 3d 280, 302 (D. Conn. 2017):  "Where Plaintiff's invocation of CUTPA fails is in its total failure to allege a plausible claim that it can satisfy the second element, that Plaintiff suffered an ascertainable loss which Defendant's conduct caused." |
| 5 | GA | Fair Business Practices Act (FBPA) | Ga. Code Ann. § 10-1-390, et seq. | § 10-1-393(a):  Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are declared unlawful. | Williams v. Jet One Jets, Inc., 755 F. Supp. 2d 1281, 1289 (N.D. Ga. 2010):  "'Actual damages,' for purposes of the FBPA, means relief other than the refund of the purchase price and restitution." (quoting Small v. Savannah Int'l Motors, Inc., 275 Ga. App. 12, 15–16 (2005)).<br><br>Edel v. Southtowne Motors of Newnan II, Inc., 338 Ga. App. 376, 380 (2016):  "The only relief they could seek under the facts here is a refund of the purchase price of the warranty.  They have therefore failed to show 'actual damages' on this ground to sustain an action under the FBPA." |

14

| Row | State | Statute Name | Citation | Text | Case Law |
|---|---|---|---|---|---|
| 6 | IL | Consumer Fraud and Deceptive Business Practices Act (ICFA) | 815 Ill. Comp. Stat. Ann. 505/1, et seq. | 505/2: Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in [815 Ill. Comp. Stat. Ann. 510/2], in the conduct of any trade or commerce are hereby declared unlawful. | Kim v. Carter's, Inc., 598 F.3d 362, 365–66 (7th Cir. 2010): "The plaintiffs agreed to pay a certain price for Carter's clothing, which they do not allege was defective or worth less than what they actually paid . . . the plaintiffs in this case got the benefit of their bargain and suffered no actual pecuniary harm.  It follows that the plaintiffs' allegations fail to establish the actual damages element of their ICFA claim." <br><br> Ristic v. Machine Zone, Inc., 2016 WL 4987943, at *4 (N.D. Ill. Sept. 19, 2016):  "Conduct is immoral, unethical, oppressive, or unscrupulous under Illinois law only if it imposes a lack of meaningful choice or an unreasonable burden . . . . [W]hile any type of addiction is unfortunate, this Court, like Judge Chang in *Phillips* [*v. Double Down Interactive*, at App'x Row 7], does not read the ICFA to protect Ristic from his own decision to play the Casino." <br><br> Soto v. Sky Union, LLC, 159 F. Supp. 3d 871, 882–83 (N.D. Ill. 2016):  "Illinois does not provide for liability where games of chance offer rewards with no value.  As explained above, Heroes and Talents cannot be monetized. They merely improve, to greater and lesser extents depending on their strengths and skills, the gameplay experience . . . .  And under Illinois law, 'the possibility of winning a greater or lesser amount of amusement' is not gambling. . . .  Plaintiffs have failed to state a claim that Sky Union's Hero and Talent Rolls, in-game events, or any other aspects of Castle Clash are unlawful.  Thus they have not alleged a viable ICFA claim, for they have failed to allege any unfair practice on the part of Sky Union." |

| Row | State | Statute Name | Citation | Text | Case Law |
|---|---|---|---|---|---|
| 7 | KY | Consumer Protection Act (KCPA) | | § 367.170(1):<br>Unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.<br><br>§ 367.170(2):<br>For the purposes of this section, unfair shall be construed to mean unconscionable.<br><br>§ 367.220(1):<br>Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170, may bring an action . . . to recover actual damages. | Collins v. Kentucky Lottery Corp., 399 S.W.3d 449, 453 (Ky. Ct. App. 2012):<br>"A chance to win money is intangible and cannot be physically moved at the time that it is purchased.  The definition of goods does not include intangible property. . . .  [Plaintiffs] contend that the trial court erred in not holding that the lottery is a service. . . .  However, the purchase of a lottery ticket does not create any ongoing contractual relationship between KLC and the player. . . .  Based on the long-existing precedent in this state and our review of the treatment of this issue in other jurisdictions, we are persuaded that actions arising from transactions regarding the lottery do not fall within the purview of the KCPA.  They simply do not state a cause of action under the KCPA."<br><br>Jacobs v. KRM Wagering LLC, 2023 WL 3397511, at *5 (Ky. Ct. App. May 12, 2023):<br>"Furthermore, we do not believe gambling falls under the KCPA.  The KCPA covers the purchase or leasing of goods and services.  Appellants argue that providing the opportunity for gambling is a service.  [But] like the lottery, wagering on horse races is a game of chance and there is no ongoing relationship between the bettor and the entity taking the wagers." |

| Row | State | Statute Name | Citation | Text | Case Law |
|-----|-------|--------------|----------|------|----------|
| 8 | MO | Missouri Merchandising Practices Act (MMPA) | Mo. Rev. Stat. § 407.020 | The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, . . . in or from the state of Missouri, is declared to be an unlawful practice. | Hennessy v. Gap, Inc., 86 F.4th 823 (8th Cir. 2023): "By contrast, in cases where plaintiff was fraudulently induced to purchase a product that was no different in quality than defendant represented at the time of sale, plaintiff has the right to sue for rescission in a common law fraud action, but there is no ascertainable loss under the MMPA because the price paid was both the represented value and the value of the product plaintiff received. . . . Here, Hennessey paid the prices advertised at the time of sale and received the products she expected to receive. Like a confusing billing invoice, an advertised prior comparison price does not create an ascertainable loss." |
| 9 | NJ | Consumer Fraud Act (CFA) | N.J. Stat. § 56:8-1, et seq. | § 56:8-2: The act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice[.] | Abramowitz v. Tropicana Atl. City Corp., 750 F. App'x 109, 113–14 (3d Cir. 2018): The New Jersey Consumer Fraud Act requires proof of (1) a defendant's unlawful conduct, (2) a plaintiff's ascertainable loss, and (3) a causal relationship between the two. . . . We assume without deciding that the failure to honor an offer can qualify as misrepresentation, deception, or unlawful conduct [for the CFA]. Even if it can, the email's plain language belies Abramowitz's interpretation. Tropicana expressly made an offer for "3/31 25K Match Play." App. 340 (emphasis added). [T]he question is whether Tropicana misrepresented the offer to him. The answer, on this record, is no. . . . Abramowitz's fraud claims are a bust. There was no misrepresentation[.]" |

| Row | State | Statute Name | Citation | Text | Case Law |
|-----|-------|--------------|----------|------|----------|
| 10 | NM | Unfair Acts and Practices in the Conduct of Trade or Commerce (NMUPA) | N.M. Stat. Ann. § 57-12-3 | "Unfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce are unlawful." | DelaCruz-Bancroft v. Field Nation, LLC, 2024 WL 3565395, at *13 (D.N.M. July 25, 2024): "A claim under the NMUPA has four elements: the defendant (1) made a 'false or misleading' representation (2) 'in connection with the sale, lease, rental or loan of goods or services' (3) that occurred in the regular course of trade or commerce, and (4) was of the type that 'may, tends to or does, deceive or mislead any person.'" <br><br> Salazar v. Green Square Company, LLC, 2022 WL 1492577, at *12 (D.N.M. Mar. 16, 2022): "Recovery of damages under [the NMUPA] includes only those persons 'who suffer any loss of money or property.'" |
| 11 | WA | Consumer Protection Act (CPA) | Wash. Rev. Code Ann. § 19.86.010, et seq. | § 19.86.020: Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. | |
| 12 | WV | Consumer Credit and Protection Act (WVCCPA) | W. Va. Code Ann. § 46A-6-101, et seq. | § 46A-6-104: Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. | In re W. Va. Rezulin Litig., 214 W. Va. 52, 75 (2003): "We conclude that for a consumer to make out a prima facie case to recover damages for 'any ascertainable loss' under W. Va. Code, 46A–6–106, . . . [if] the consumer proves that he or she has purchased an item that is different from or inferior to that for which he bargained, the 'ascertainable loss' requirement is satisfied." <br><br> Waters v. Electrolux Home Products, Inc., 154 F. Supp. 3d 340, 353 (N.D.W.V. 2015): "A plaintiff must show: (1) that the defendant employed '[u]nfair methods of competition or deceptive acts or practices,' id. § 46A-6-104; (2) that the plaintiffs suffered an ascertainable loss; and (3) that the plaintiff's loss was proximately caused by the defendant's conduct." |

28  27  26  25  24  23  22  21  20  19  18  17  16  15  14  13  12  11  10  9  8  7  6  5  4  3  2  1

## APPENDIX C:  UNJUST ENRICHMENT

| Row | State | Elements of Cause of Action | Conduct Constituting Unjust Retention of Benefit |
|-----|-------|-----------------------------|--------------------------------------------------|
| 1 | AL | <u>Embry v. Carrington Mortg. Servs., LLC</u>, 2023 WL 3991043, at *4 (N.D. Ala. June 13, 2023):  "[A] plaintiff must show that: (1) the defendant knowingly accepted and retained a benefit, (2) provided by another, (3) who has a reasonable expectation of compensation." | <u>Embry</u>, 2023 WL 3991043, at *4:  "Retention of a benefit is unjust if (1) the donor of the benefit . . . acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit . . .  engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship." |
| 2 | CA | <u>Russell v. Walmart, Inc.</u>, 680 F. Supp. 3d 1130, 1133 (N.D. Cal. 2023): "[A] plaintiff must show that a defendant received and unjustly retained a benefit at the plaintiff's expense." | <u>Russell</u>, 680 F. Supp. 3d at 1133:  "Thus, restitution generally requires that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request … . Absent qualifying mistake, fraud, coercion, or request by Walmart, there is no injustice." |
| 3 | CT | <u>Pearsall Holdings, LP v. Moutain High Funding, LLC</u>, 2014 WL 7270334, at *10 (D. Conn. Dec. 18, 2014):  "[A] plaintiff must plausibly allege (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." | |
| 4 | GA | <u>WFG Nat'l Title Ins. Co. v. 3225 Cedar Street, LLC (GA)</u>, 2023 WL 10476014, at *9 (N.D. Ga. Sept. 8, 2023): "[P]laintiff must assert that (1) the defendant induced or encouraged the plaintiff to provide something of value to the defendant; (2) the plaintiff provided a benefit to the defendant with the expectation that the defendant would be responsible for the cost thereof; and (3) the defendant knew of the benefit being bestowed upon it by the plaintiff and either affirmatively chose to accept the benefit or failed to reject it." | <u>Brooks v. Branch Banking and Trust Co.</u>, 107 F. Supp. 3d 1290, 1298 (N.D. Ga. 2015): "[T]he theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated." |
| 5 | IL | <u>Guajardo v. Sketchers USA, Inc.</u>, 503 F. Supp. 3d 746, 757 (C.D. Ill. 2020): "[A] plaintiff must allege that the defendant has [(a)] unjustly retained a benefit, (b) to the plaintiff's detriment,' and (c) 'defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." | <u>Benson v. Fannie May Confections Brands Inc.</u>, 944 F.3d 639, 648 (7th Cir. 2019): "Illinois courts describe [unjust enrichment] as a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress or undue influence." |

STATE LAW APP'X ISO GOOGLE'S & APPLE'S MOTS. TO DISMISS; (CASE NOS. 21-MD-03001-EJD; 21-MC-02985-EJD)

| Row | State | Elements of Cause of Action | Conduct Constituting Unjust Retention of Benefit |
|---|---|---|---|
| 6 | IN | *Mazur v. ZMC Auto Sales, Inc.*, 2022 WL 3576953, at *6 (N.D. Ind. Aug. 18, 2022): "[T]o prevail on a claim of unjust enrichment, a claimant must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust." | *Hughes v. Chattem, Inc.*, 818 F. Supp. 2d 1112, 1124 (S.D. Ind. 2011): "The key concept underlying unjust enrichment is the occurrence of a wrong or something unjust. Courts generally require that the pleadings state facts demonstrating an actual wrong or misleading conduct." |
| 7 | MN | *Graff v. Brighthouse Life Ins. Co.*, 698 F. Supp. 3d 1080, 1089 (D. Minn. 2023): "[A] plaintiff must allege that the defendant knowingly received a benefit to which the defendant was not entitled, and that it would be unjust under the circumstances for the defendant to retain that benefit." | *Maranda v. Group Health Plan, Inc.*, 2008 WL 2139584, at *2 (D. Minn. May 20, 2008): "An action for unjust enrichment may be based on failure of consideration, fraud, mistake, and situations where it would be morally wrong for one party to enrich himself at the expense of another party." |
| 8 | MS | *Jim Pegram Farms v. JPMorgan Chase Bank, N.A.*, 2022 WL 4088079, at *4 (N.D. Miss. Sept. 6, 2022): "A claim for unjust enrichment exists when one party has mistakenly paid another party. It applies in situations where no legal contract exists, and the person charged is in possession of money or property which, in good conscience and justice, he or she should not be permitted to retain, causing him or her to remit what was received." | *Jim Pegram Farms*, 2022 WL 4088079, at *4: "[T]here is nothing inherently unjust about enrichment and an unjust-enrichment claim applies only to enrichments objectively seen as unjust." |
| 9 | MO | *Binkley v. Am. Equity Mortg., Inc.*, 447 S.W.3d 194, 199 (Mo. 2014): "An unjust enrichment claim requires a showing that: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances." | *Jurgens v. Build.com, Inc.*, 2017 WL 5277679, at *7 (E.D. Mo. Nov. 13, 2017): " [T]here can be no unjust enrichment if the parties receive what they intended to obtain." |
| 10 | NM | *Armijio v. FedEx Ground Package Sys., Inc.*, 285 F. Supp. 3d 1209, 1217 (D.N.M. 2018): "[O]ne must show that: (1) another has been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust." | |
| 11 | NY | *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017): "[A] plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." | *Kamara v. Pepperidge Farm, Inc.*, 570 F. Supp. 3d 69, 82 (S.D.N.Y. 2021): "The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." |

28 27 26 25 24 23 22 21 20 19 18 17 16 15 14 13 12 11 10 9 8 7 6 5 4 3 2 1

| Row | State | Elements of Cause of Action | Conduct Constituting Unjust Retention of Benefit |
|-----|-------|----------------------------|--------------------------------------------------|
| 12 | OH | *Marlowe v. Nature's Bounty Co.*, 2017 WL 2291683, at *3 (N.D. Ohio May 25, 2017): "The elements of a claim for unjust enrichment include (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." | *Marlowe*, 2017 WL 2291683, at *3: "Where a party retains money or a benefit that in equity or justice belongs to another, he will be liable for unjust enrichment." |
| 13 | OR | *Allstream Bus. US, LLC v. Carrier Network Sols., LLC*, 2021 WL 3488086, at *6 (D. Or. Aug. 9, 2021): "[C]ourts considering unjust enrichment claims should 'examine the established legal categories of unjust enrichment' rather than apply a formulaic standard." (quoting 404 P.3d 912, 921 (Or. 2017).) | *AssuredPartners of Oregon, LLC v. Reese*, 2022 WL 18024957, at *5 (D. Or. Dec. 30, 2022): "The Restatement (Third) of Restitution and Unjust Enrichment (2011) is a proper authority to reference when considering whether allegations of unjust enrichment fall within an established category." |
| 14 | SC | *Jackson v. Smith & Downey, PA*, 2018 WL 4560534, at *5 (D.S.C. June 18, 2018): "[A] plaintiff must allege: (1) that he conferred a non-gratuitous benefit on the defendant; (2) that the defendant realized some value from the benefit; and (3) that it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value." | *Dema v. Tenet Physician Servs.-Hilton Head, Inc.*, 678 S.E.2d 430, 434 (Sup. Ct. S.C. 2009): "A party may be unjustly enriched when it has and retains benefits or money which in justice and equity belong to another." |
| 15 | TN | *Ingram Barge Co., LLC v. Bunge North America, Inc.*, 455 F. Supp. 3d 558, 577 (M.D. Tenn. 2020): "The elements of an unjust enrichment claim are: 1) [a] benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of such benefit; and 3) acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." | |
| 16 | WA | *NC Interactive, LLC v. Amber Studio S.A.*, 2024 WL 1832951, at *4 (W.D. Wash. Apr. 26, 2024): "Three elements must be established . . . : (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." | *NC Interactive, LLC*, 2024 WL 1832951, at *4: "Unjust enrichment occurs when one retains money or benefits which in justice and equity belong to another." |