```
COOLEY LLP
TERESA MICHAUD (296329)
(tmichaud@cooley.com)
SARA VICTORIA M. PITT (317611)
(sporter@cooley.com)
355 South Grand Avenue, Suite 900
Los Angeles, California 90071
Telephone:    +1 213 561 3250
Facsimile:    +1 213 561 3244

WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
AUDREY J. MOTT-SMITH (300550)
(amottsmith@cooley.com)
KELTON N. MURPHY (340366)
(kbasirico@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222
```

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| IN RE: GOOGLE PLAY STORE SIMULATED CASINO-STYLE GAMES LITIGATION | Case No. 5:21-md-03001-EJD<br><br>**DEFENDANT GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Date:    March 7, 2025<br>Time:    9:00 a.m.<br>Dept:    4<br>Judge:   Hon. Edward J. Davila |

COOLEY LLP
ATTORNEYS AT LAW
DOWNTOWN LOS ANGELES

GOOGLE LLC'S RJN ISO MTD
5:21-MD-03001-EJD

In support of Defendant Google LLC's ("Google's") Motion to Dismiss, Google respectfully requests that the Court take judicial notice of Exhibit 1 to the Declaration of Teresa Michaud ("Michaud Decl."), for the following reasons.

Federal Rule of Evidence 201 requires judicial notice of facts "not subject to reasonable dispute" that are either (1) "generally known" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b), (c)(2). The Court may take judicial notice at any point in the proceedings, including when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Evid. 201(d); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). Among other things, a court may take judicial notice of "publicly accessible websites whose accuracy and authenticity are not subject to dispute." *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019) (citing *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010)); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (same); *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases and finding that, "[i]n general, websites and their contents may be judicially noticed").

Exhibit 1 is a public webpage whose contents are not subject to reasonable dispute. (*See* Michaud Decl. ¶ 2 (Exhibit 1 is a true and correct copy of the current version of the Double Down Interactive Terms of Use available at https://www.doubledowninteractive.com/terms/index.html as well as through a link within the Double Down Casino Vegas Slots free and publicly available mobile gaming application).) Courts routinely take judicial notice of similar materials. *See, e.g., Trudeau v. Google LLC*, 349 F. Supp. 3d 869, 876 (N.D. Cal. 2018) (taking judicial notice of the Terms of Service on defendant's website); *O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1001 n.4 (N.D. Cal. 2014) (taking judicial notice on a motion to dismiss of multiple versions of defendant's terms and conditions available on defendant's website); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (judicially noticing various documents from Google and LinkedIn informational pages); *Loomis v. Slendertone Distrib., Inc.*, 420 F. Supp. 3d 1046, 1063 (S.D. Cal. 2019) (taking judicial notice of printouts from the defendant's publicly available website). The same logic applies here, and judicial notice is appropriate.

Dated: November 22, 2024

COOLEY LLP

By: */s/ Teresa Michaud*
    Teresa Michaud

Attorneys for Defendant
GOOGLE LLC